**GRAY v. TOWN OF THERMOPOLIS et al.**

No. 2505.

District Court, D. Wyoming.
Oct. 31, 1936.

Myles P. Tallmadge, of Denver, Colo., for plaintiff.

C. W. Axtell, of Thermopolis, Wyo., and Edward E. Murane, of Casper, Wyo., for defendant Town of Thermopolis.

KENNEDY, District Judge.

This is a suit to foreclose a lien against property owners in the Town of Thermopolis, based upon assessments for local improvement bonds covering a certain established district, to wit, Paving District No. 5 in said Town. The case has been disposed of against all the defendants by orders pro confesso or stipulation, except as to the defendant Town of Thermopolis. After final hearing the matter was submitted upon trial briefs in which counsel agree that the only question in controversy is as to whether or not the Town has paid certain assessments levied in accordance with an ordinance upon property owned by the Town, consisting of Lot 9 in Block 2, and property known as City Park. Counsel agree that the amount involved as to the individual Lot is $182.06, and as to the Park $11,628.57. The defense on the part of the Town is payment, which is the only point to be considered in the case.

■ The assessments were made as being payable in equal annual installments over a period of ten years. As to the last four of these installment assessments the official records of the Town show that the County Treasurer to whom the assessments were certified for collection, had made such collections and returned the amount to the Town Treasurer and were distributed in due course for the respective purposes for which the taxes were levied, including the distribution to Paving District No. 5. The last four assessments were apparently paid all at one time, and in the record books of the Municipality appear the words "Paid in Full."

I arrive at the conclusion that there is sufficient before the court to determine as a finding of fact that the 7th, 8th, 9th and 10th assessments were actually paid by the Municipality and no recovery can be had as to them.

■■ As to the first six assessments a different situation prevails, as the only records which tend to make an affirmative showing of the payment is an appropriation by the Town Council for such purpose, and perhaps facts from which a possible inference might be drawn that the assessments were paid by the Municipality to the County Treasurer, together with the fact that the Town records fail to show that the assessments in controversy were ever marked as delinquent. There is an entire absence of evidence which shows that the money was received by the City and distributed into the Paving District fund. Under these circumstances the court feels unjustified in holding that there is sufficient evidence to base a finding as to payment of assessments from one to six, inclusive. This conclusion is based upon the well known rule that he who alleges payment has the burden of proving it. 48 C. J. 680.

■■ It seems strange that the records of the City would fail to disclose the receipt of these moneys and their distribution into the respective funds for which the taxes were levied, if they were so received. Yet there seems to be an absence of any record to this effect. The theory of the court's ruling is strengthened by reason of the fact that the mere marking of the account as being paid in full is a self-serving statement on the part of the Municipality, coupled with the fact that the Municipality is a fiduciary trustee for the bondholders of all funds collected from assessments. Under such circumstances the Town is not only under the handicap of carrying the legal burden of proof but as the custodian of these funds is bound to show that they were received and distributed in accordance with its trust.

80

For the reasons stated, appropriate findings of fact, conclusions of law and a decree may be submitted through collaboration of counsel, excluding assessments 7, 8, 9 and 10, but authorizing a decree of foreclosure and sale as to assessments one to six, inclusive, within ten days, and reserving exceptions to the defendant, Town of Thermopolis.